UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11949-GAO

GERALD D. HOOLAHAN,
Petitioner,

v.

IBC ADVANCED ALLOYS CORP.,
Respondent.


ORDER CONFIRMING ARBITRATION AWARD
March 27, 2019

O'TOOLE, D.J.

The petitioner, Gerald Hoolahan, filed a petition under the Federal Arbitration Act, 9 U.S.C. §§ 9–11, for a confirmation of a $1,395,434.32 arbitration award he received against the respondent, IBC Advanced Alloys Corp. ("IBC"), and concomitantly for an order of judgment in conformity with that award. IBC opposes this petition and has responded by filing a cross-petition to vacate the award.

The arbitration concerned Hoolahan's sale of capital stock in his corporation to IBC for cash consideration and shares of capital stock in IBC.

Judicial review of arbitration rulings "'is extremely narrow and exceedingly deferential,' and is indeed 'among the narrowest known in the law.'" Raymond James Fin. Servs., Inc. v. Fenyk, 780 F.3d 59, 63 (1st Cir. 2015) (citation omitted) (first quoting Doral Fin. Corp. v. García–Veléz, 725 F.3d 27, 31 (1st Cir. 2013); and then quoting Me. Cent. R.R. Co. v. Bhd. of Maint. of Way Emps., 873 F.2d 425, 428 (1st Cir. 1989)). Petitioners seeking to vacate an award must "clear a high hurdle" by showing that the arbitrator committed more than "a serious error." Stolt-Nielsen

S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010); see Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 582–84 (2008).

The Federal Arbitration Act specifies several circumstances under which an arbitration award may be vacated by order of a district court:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

IBC does not argue that the arbitration award should be overturned based on any of these circumstances. IBC instead seeks relief from the award under what has been called the "manifest disregard doctrine." Distilled from the common law, this doctrine has been invoked to justify vacatur of an arbitration award when it is "'contrary to the plain language of the contract,' or 'it is clear from the record that the arbitrator recognized the applicable law, but ignored it.'" Kashner Davidson Sec. Corp. v. Mscisz, 531 F.3d 68, 74–75 (1st Cir. 2008) (quoting Wonderland Greyhound Park, Inc. v. Autotote Sys., Inc., 274 F.3d 34, 36 (1st Cir. 2001)).[1]

---

[1] Although Hall Street, 552 U.S. 576, questions whether an arbitration award may be vacated based on grounds not enumerated in § 10, the First Circuit recently noted that it has not yet decided whether, in light of Hall Street, the manifest disregard doctrine was still available, either as a "ground for vacatur" of an arbitral award or as a "judicial gloss" on § 10. Mountain Valley Prop., Inc. v. Applied Risk Servs., Inc., 863 F.3d 90, 94–95 (1st Cir. 2017). In that case, the court assumed the continuing validity of the manifest disregard doctrine because, assuming validity, no manifest disregard had occurred. I follow the same path.

IBC asserts that the arbitrator erred because Hoolahan's claims were barred by the applicable statute of limitations. The arbitrator considered the argument as it applied only to a claimed violation by IBC of Massachusetts General Laws Chapter 93A. The arbitrator completely denied the Chapter 93A claim. Instead, he ruled in favor of Hoolahan based on the finding that IBC breached its contractual duties, including the implied covenant of good faith and fair dealing.

IBC separately argues that the arbitrator erroneously based his decision on an ethically improper communication by Bruce Schoenberger, Hoolahan's attorney, with Simon Anderson, IBC's CFO. The contention was that Schoenberger improperly communicated with an adverse party whom he knew was represented by counsel. The arbitrator found that Schoenberger did call Anderson, but that it was only at the end of that call that Anderson informed Schoenberger that he was represented by counsel. Following the call, Schoenberger sent both Anderson and Anderson's counsel an email recapping the phone call. The arbitrator excluded the substance of the email from consideration, but, because he found that Schoenberger was not informed that Anderson was represented until the end of the call, the arbitrator relied on what he termed Schoenberger's "truthful and credible" testimony at the hearing about his conversation with Anderson in order to determine that "ill-will" existed toward Hoolahan. This finding served as the basis for the arbitrator's conclusion that IBC breached the contract and the implied covenant of good faith and fair dealing. The arbitrator provided his rationale for excluding the email but still considering Schoenberger's testimony, and IBC has not carried its burden of demonstrating that the arbitrator's decision was in manifest disregard of the law.

Finally, IBC argues that the arbitrator erred by awarding Hoolahan a windfall because the award did not acknowledge that Hoolahan still owned the IBC shares. It was IBC's point that by benefitting from the award and still holding IBC shares, Hoolahan was having his cake and eating

it too. A review of the record before the arbitrator demonstrates that both parties submitted multiple briefs on the issue of damages, and in those papers IBC never argued that the arbitrator's decision should also address Hoolahan's IBC shares. This issue was only raised by IBC after the award was made. An objection to the award on the basis of an issue only argued after the arbitrator's decision is entirely misplaced and unpersuasive.

Hoolahan's petition to confirm the arbitration award (dkt. no. 1) is GRANTED, and IBC's petition to vacate the arbitration award (dkt. no. 11) is DENIED.

Hoolahan shall submit a proposed form of judgement.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
